SANTA RITA OIL & GAS CO., PLAINTIFF, *v.* STATE BOARD OF EQUALIZATION ET AL., DEFENDANTS.

(No. 8,215.)

(Submitted May 29, 1941. Decided June 17, 1941.)

[114 Pac. (2d) 521.]

*Mr. Louis P. Donovan,* for Plaintiff, submitted a brief and argued the cause orally.

*Mr. John W. Bonner,* Attorney General, and *Mr. I. W. Choate,* Counsel for the State Board of Equalization, for Defendants, submitted an original and a supplemental brief; *Mr. Choate* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is an original proceeding by which plaintiff seeks an injunction restraining the defendants, State Board of Equalization and the members thereof, from assessing, imposing, levying or collecting the operator's net proceeds tax, the royalty owner's net proceeds tax and the gross production tax under sections 2088 to 2096.2 and 2397 to 2408, Revised Codes, as amended, upon oil produced by plaintiff under an oil and gas lease of trust patent Indian land.

The complaint alleges that the plaintiff is an agent or instrumentality of the United States and that as such its opera-

tions and production are exempt from the state's taxing power; it further alleges that heretofore, in Cause No. 7504, *Santa Rita Oil & Gas Company* v. *State Board of Equalization,* 101 Mont. 268, 54 Pac. (2d) 117, this court decreed that the defendants be forever restrained from exactly the same actions here again sought to be restrained; that the decree has not been set aside, modified or reversed, and remains in full effect. A copy of the decree in the prior suit is annexed to the complaint. That decree provided that the defendant State Board and its members at that time "be and they are hereby forever restrained and enjoined from assessing, imposing, levying or collecting from oil and gas produced on the lands and premises described in plaintiff's complaint," exactly the same taxes mentioned in the complaint in this action, with reference to exactly the same statutory provisions. The decree omitted a clause of the decision to the effect that the injunction should continue "until such time as appropriate and valid congressional consent is given to the imposition of any or all of these taxes"; but the omission is immaterial, as the decree is governed by the decision and in any event is subject to modification or amendment. (28 Am. Jur. 494, sec. 323; *Ladner* v. *Siegel,* 298 Pa. 487, 148 Atl. 699, 68 A. L. R. 1172, annotation, 1180; *United States* v. *Swift & Co.,* 286 U. S. 106, 52 Sup. Ct. 460, 76 L. Ed. 999.)

The answer admits that the defendants threaten to impose, levy and collect the taxes mentioned in the complaint with the exception of the royalty owner's proceeds tax, and denies that they are estopped by the prior decree of this court from proceeding to collect the other two taxes. The answer further says: "Defendants allege that they faithfully observed the injunction order of the judgment referred to in said Paragraph, from the time of its rendition, February 26, 1936, until the current tax year when, believing that said judgment and injunction order had been in effect superseded and overruled by the decision of the Supreme Court of the United States in the case of *Helvering, Commissioner,* v. *Mountain Producers Corporation,* 303 U. S. 376, 58 Sup. Ct. 623, 82 L. Ed. 907, defendants took steps to

collect the taxes in question from plaintiff and other oil operators similarly situated."

The present action is somewhat unique in that (1) the plaintiff nullifies its own cause of action by pleading affirmatively that the question is already *res judicata* and that nothing remains to be decided; (2) the defendants, while denying that they are estopped by the prior decree, admit that by it they were "forever restrained and enjoined" from proceeding to collect taxes of the kind in question upon oil produced from the land in suit and that they "faithfully observed the injunction order" until they believed it had been in effect superseded and overruled by a decision of another court in another case between other parties, which obviously could not have had any such effect.

The action is further unique in that the plaintiff argues and defendants deny that the questions attempted to be raised are *res judicata* although it is the plaintiff who by its complaint is seeking a new adjudication and injunction from this court.

It seems obvious that the plaintiff has affirmatively shown that all of the relief sought by it has already been granted by this court, and that nothing further remains for it to adjudicate in the premises. On the other hand, it seems that the defendants virtually admit that they have violated this court's permanent injunction in the prior suit, which has admittedly never been modified or amended and which until such modification or amendment they must obviously obey, unless words and established legal principles are meaningless. The disobedience of a lawful judgment of a court is a contempt of court. (Sec. 9908, subd. 5, Rev. Codes.) However, any question of the modification of the final injunction in the former suit, or of contempt of court in violating it, cannot be considered in this action.

No cause of action being shown, and no relief being grantable in this proceeding, it is hereby ordered dismissed.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and ANDERSON concur.

MR. JUSTICE MORRIS:

I dissent from the foregoing opinion on two grounds:

First, this controversy relates to the same land arising between the same parties, and the same questions are involved that were litigated and determined in Cause No. 7504, to which reference is made by the majority, and there is no sound reason for departing from the rule of *res judicata* in this case.

Second, the Interior Department, representing the Indians, entered into the contract with the Santa Rita Oil and Gas Company under the law as interpreted by the Supreme Court of the United States at that time, and a subsequent change in the views of the court of last resort of the federal government as to the meaning of the Acts of Congress should be applied only to subsequent contracts and given no retroactive effect.

This principle was expounded in the case of *Judith Basin Irrigation District* v. *Malott*, 9 Cir., 73 Fed. (2d) 142, 97 A. L. R. 504, a Montana case, where in dealing with the question of violation of the obligation of contract, the interpretation upon the statutes authorizing the issuance of bonds was emphasized, and in effect the interpretation of the statutes by the court was held to be a part of the statute itself in determining the rights of the parties.

Individuals contracting with an agency of the federal government have the same right, in my opinion, to rely upon the decisions of the United States Supreme Court's interpretation of the rights of the parties to the contract under the existing rules laid down by that court, as fully as they have the right to rely upon existing statutory provisions in force at the time the contract is made. The change wrought by a court decision interpreting a statute vitally affects the rights of the parties under the contract to as great an extent as a change in the statute iself.

The former decision of this court between the same parties, relating to the same subject matter, should be adhered to in this action and our opinion should be to that effect.